## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| KERRESHA ATKINSON, individually and on behalf of all others similarly situated, <br><br> v. <br><br> TRINITY HEALTH CORPORATION | **Case No. 5:22:-cv-11284** <br> FLSA Collective Action <br> FED. R. CIV. P. 23 Class Action <br><br><br> Jury Trial Demanded |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.     Like many other companies across the United States, Trinity Health's timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2.     That hack led to problems in timekeeping and payroll throughout Trinity Health's organization.

3.     As a result, Trinity Health's workers who were not exempt from overtime under federal and state law were not paid for all hours worked and/or were not paid their proper overtime premium on time, if at all, for all overtime hours worked after the onset of the Kronos hack.

4.     Kerresha Atkinson is one such Trinity Health worker.

5.     Trinity Health could have easily implemented a system to accurately record time and properly pay non-exempt hourly and salaried employees until issues related to the hack were resolved.

6.     Instead, Trinity Health pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

7.     Trinity Health made the economic burden of the Kronos hack fall on front-line workers—average Americans—who rely on the full and timely payment of their wages to make ends meet.

8.     After significant delay, Trinity Health made payment of some of these outstanding wages. However, portions of these earned wages remain unpaid.

9.     Trinity Health's failure to pay wages, including proper overtime, on time and in full for all hours worked, violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

10.     Trinity Health's failure to pay wages, including proper overtime, on time and in full for all hours worked, to its workers in Connecticut also violates the Connecticut Minimum Wage Act (CMWA), Conn. Gen. Stat. § 31-58 *et seq.*

11.     Atkinson brings this lawsuit to recover these unpaid overtime wages and other damages owed by Trinity Health to her and Trinity Health's other non-overtime-exempt workers, who were the ultimate victims of not just the Kronos

hack, but Trinity Health's decision to make its own non-exempt employees workers bear the economic burden for the hack.

12.    This action seeks to recover the unpaid wages and other damages owed by Trinity Health to all these workers, along with the penalties, interest, and other remedies provided by federal and Connecticut law.

## JURISDICTION & VENUE

13.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

14.    The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Trinity Health is headquartered in this District.

## PARTIES

16.    **Plaintiff Kerresha Atkinson** is a natural person.

17.    Atkinson was, at all relevant times, an employee of Trinity Health.

18.    Atkinson has worked for Trinity Health since before December 2021.

19.    Atkinson worked for Trinity Health in Connecticut.

20.     During and since December 2021, Atkinson performed work for Trinity Health in Connecticut.

21.     Atkinson represents at least two groups of similarly situated Trinity Health workers.

22.     Atkinson represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former non-exempt employees of Trinity Health (including its subsidiaries and alter egos), who worked in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

23.     Atkinson represents a class of similarly situated workers under Connecticut law pursuant to Federal Rule of Civil Procedure 23. This "Connecticut Class" is defined as:

> **All current or former non-exempt employees of Trinity Health (including its subsidiaries and alter egos) who worked in Connecticut at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

24.     Throughout this Complaint, the FLSA Collective members and Connecticut Class members are referred to jointly as the "Similarly Situated Workers."

25.     **Defendant Trinity Health Corporation** is a foreign corporation.

26.     Trinity Health Corporation is headquartered in this District.

27.     Trinity Health Corporation may be served by service upon its registered agent, **The Corporation Company, 40600 Ann Arbor Rd. E., Ste. 201, Plymouth, MI 48170**, or by any other method allowed by law.

28.     At all relevant times, Trinity Health Corporation has been doing business under the assumed name, "Trinity Health."

29.     Throughout this Complaint, Trinity Health Corporation and its subsidiaries and alter egos are referred to jointly as "Trinity Health."

30.     Trinity Health operates medical facilities throughout the United States.

31.     The facilities operated by Trinity Health include, but are not limited to:

- Bartow Regional Medical Center (Bartow, FL)
- Emory Saint Joseph's Hospital (Sandy Springs, GA)
- Gottlieb Memorial Hospital (Melrose Park, IL)
- Holy Cross Germantown Hospital (Germantown, MD)
- Holy Cross Hospital (Ft. Lauderdale, FL)
- Holy Cross Hospital (Silver Spring, MD)
- Johnson Memorial Hospital (Stafford Springs, CT)
- Loyola University Medical Center (Maywood, IL)
- MacNeal Hospital (Berwyn, IL)
- Mercy Care (Atlanta, GA)
- The Mercy Community (West Hartford, CT)
- Mercy Medical Center (Springfield, MA)
- Mishawaka Medical Center (Mishawaka, IN)
- Mount Sinai Rehabilitation Hospital (Hartford, CT)
- Pittsburg Mercy (Pittsburgh, PA)
- Plymouth Medical Center (Plymouth, IN)

- Saint Agnes Medical Center (Fresno, CA)
- Saint Alphonsus Medical Center – Baker City (Baker City, OR)
- Saint Alphonsus Medical Center – Nampa (Nampa, ID)
- Saint Alphonsus Medical Center – Ontario (Ontario, OR)
- Saint Alphonsus Regional Medical Center (Boise, ID)
- Saint Francis Hospital & Medical Center (Hartford, CT)
- Saint Mary's Hospital (Waterbury, CT)
- St. Anthony's Hospital (St. Petersburg, FL)
- St. Francis Medical Center (Trenton, NJ)
- St. Joseph's Hospital (Atlanta, GA)
- St. Joseph of the Pines (Southern Pines, NC)
- St. Mary's Good Samaritan Hospital (Greensboro, GA)
- St. Mary's Hospital (Athens, GA)
- St. Mary's Sacred Heart Hospital (Lavonia, GA)
- Trinity Health Ann Arbor Hospital (Ann Arbor, MI)
- Winter Haven Hospital (Winter Haven, FL)

32.    Trinity Health's subsidiaries and alter egos include, but are not limited to, the following:

- Allegany Franciscan Ministries
- BayCare Health System
- Catholic Health
- Holy Cross Health
- Loyola Medicine
- Mercy Medical
- Mercy Health
- Mount Carmel Health System
- Saint Alphonsus Health System
- Saint Joseph Health System
- Saint Joseph Mercy Health System
- St. Joseph's Health
- St. Peter's Health Partners
- Trinity Health Mid-Atlantic
- Trinity Health of New England, Connecticut and Massachusetts

- Trinity Health ACO, Inc.
- Trinity Health Alliance of Michigan
- Trinity Health at Home
- Trinity Health at Home – Grand Rapids
- Trinity Health at Home – Southeast Michigan
- Trinity Health Botique
- Trinity Health Cancer Center – Ann Arbor Campus
- Trinity Health Cancer Center – Livonia Hospital
- Trinity Health Cancer Center – Oakland Hospital
- Trinity Health Grand Rapits Hospital
- Trinity Health Greenbrook Recovery Scenter
- Trinity Health Group, LLC
- Trinity Health Group, Ltd.
- Trinity Heatlh Health Heart Cetner
- Trinity Health IHA Medical Group
- Trinity Health IHA Urgent Care
- Trinity Health II
- Trinity Health Imaging
- Trinity Health Imaging Center
- Trinity Health International
- Trinity Health Lab
- Trinity Health Livingston Hopsital
- Trinity Health Livonia Hospital
- Trinity Health Medical Center
- Trinity Health Medical Group
- Trinity Health Pain Center
- Trinity Health Patrners – Michigan,L.L.C.
- Trinity Health Sleep Center
- Trinity Health Solutions

33.   At all relevant times, Trinity Health operated as an alter ego of its facilities.

34.   At all relevant times, Trinity Health's facilities operated as its alter egos.

35.    At all relevant times, Trinity Health and its facilities operated as alter egos of one another.

36.    At all relevant times, Trinity Health exerted operational control over each of these facilities and any of its other facilites.

37.    At all relevant times, Trinity Health had the authority to set pay practices at each of these facilities and any of its other facilites.

38.    At all relevant times, Trinity Health substantially controlled the terms and conditions of employment for workers at each of these facilities and any of its other facilites.

39.    At all relevant times, Trinity Health had a common control and management of labor relations regarding employees at each of these facilities and any of its other facilites.

40.    At all relevant times, Trinity Health exerted operational control over its subsidiaries and alter egos.

41.    At all relevant times, Trinity Health substantially controlled the terms and conditions of employment for workers of its subsidiaries and alter egos.

42.    At all relevant times, Trinity Health had a common control and management of labor relations regarding employees of its subsidiaries and alter egos.

43.     Trinity Health employed and/or jointly employed, with its subsidiaries and alter egos, Atkinson and the Similarly Situated Workers.

44.     Trinity Health and its subsidiaries and alter egos are joint employers for purposes of the FLSA.

45.     Trinity Health and its subsidiaries and alter egos are joint employers for purposes of Connecticut law.

### COVERAGE UNDER THE FLSA

46.     At all relevant times, Trinity Health was an employer of Atkinson within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

47.     At all relevant times, Trinity Health was and is an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

48.     Trinity Health was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

49.     During at least the last three years, Trinity Health has had gross annual sales in excess of $500,000.

50.     Trinity Health was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

51.    Trinity Health employs many workers, including Atkinson, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

52.    The goods and materials handled, sold, or otherwise worked on by Atkinson and other Trinity Health employees and that have been moved in interstate commerce include, but are not limited to, medical equipment and suppplies.

53.    The activities performed by Atkinson and other Trinity employees were in connection with the operation of Trinity Health's hospitals. 29 U.S.C. § 203(r)(2)(A).

## FACTS

54.    Trinity Health is a healthcare system operating facilities across the United States. Trinity Health, About Us, https://www.trinity-health.org/about-us/ (last visited June 9, 2022).

55.    Trinity Health operates in 25 states. Trinity Health, Facts and Figures/Financial Strength https://www.trinity-health.org/about-us/facts-and-figures-financial-strength (last visited June 9, 2022).

56.    The facilities operated by Trinity Health include at least 17 clinically integrated networks, 88 hopsitals, 131 continuing care locations, 125 urgent care

locations, and 25 PACE Center location. Trinity Health, About Us, https://www.trinity-health.org/about-us/ (last visited May 8, 2022); Trinity Health, Facts and Figures/Financial Strength https://www.trinity-health.org/about-us/facts-and-figures-financial-strength (last visited June 9, 2022).

57.    Trinity Health employs more than 115,000 workers. Trinity Health, Facts and Figures/Financial Strength https://www.trinity-health.org/about-us/facts-and-figures-financial-strength (last visited June 9, 2022).

58.    Many of Trinity Health's employees are non-exempt hourly and salaried workers.

59.    Since at least 2021, Trinity Health has used timekeeping software and hardware operated and maintained by Kronos.

60.    On or about December 11, 2021, Kronos was hacked with ransomware.

61.    The Kronos hack interfered with the ability of its customers, including Trinity Health, to use Kronos's software and hardware to track hours and pay employees.

62.    For at least a portion of time following the Kronos hack, Trinity Health failed to keep accurate track of the hours that Atkinson and Similarly Situated Workers worked.

63.    Instead, Trinity Health has used various methods to estimate the number of hours Atkinson and Similarly Situated Workers work in each pay period.

64.    For example, Trinity Health issued paychecks based on scheduled hours or estimated hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

65.    As a result of Trinity Health's failure to accurately track the actual hours worked each week, employees who were non-exempt and worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

66.    Many employees were not even paid for all their non-overtime wages for hours worked in certain workweeks.

67.    Atkinson is one of the thousands of employees affected by these pay and timekeeping practices.

68.    Instead of paying Atkinson for the hours she actually worked (including overtime hours), Trinity Health simply paid based on estimates of time or pay, or based upon arbitrary considerations **other than** Atkinson's actual hours worked and regular pay rates, in multiple workweeks.

69.    In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked

in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other factors allowed under the law.

70.   Trinity Health knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

71.   Trinity Health knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

72.   Trinity Health could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

73.   Instead of accurately tracking hours and paying employees their overtime, Trinity Health decided to arbitrarily pay these employees, without regard to the overtime hours they worked or the regular rates at which they were supposed to be paid.

74.   It was feasible for Trinity Health to have its employees and managers report accurate hours so they could be timely paid the full and correct amounts of money they were owed for the work they did for the company.

75.   But Trinity Health chose not to do that.

76.   In other words, Trinity Health pushed the effects of the Kronos hack onto the backs of its most economically vulnerable workers, making sure that it kept the money it owed to those employees in its own pockets, rather than take

steps to make sure its employees were paid on time and in full for the work they did.

77.     Atkinson is just one of the many Trinity Health employees who had to shoulder the burden of this decision by Trinity Health.

78.     Atkinson was a non-exempt hourly employee of Trinity Health.

79.     Atkinson regularly worked over 40 hours per week for Trinity Health.

80.     Atkinson's normal, pre-Kronos hack hours are reflected in Trinity Health's records.

81.     Since the Kronos hack, Trinity Health has not paid Atkinson on time, if at all, for her actual hours worked each week.

82.     Since the hack took place, Trinity Health has not been accurately recording the hours worked by Atkinson and its other workers, in multiple workweeks.

83.     Trinity Health was aware of the overtime requirements of the FLSA.

84.     Trinity Health nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Atkinson.

85.     Trinity Health's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

86.     The full overtime wages owed to Atkinson and the Similarly Situated Workers became "unpaid" when the work for Trinity Health was done—that is, on Atkinson and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

87.     At the time Trinity Health failed to pay Atkinson and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Trinity Health became liable for all prejudcment interest, liquidated damages, penalties, and any other damages owed under the law.

88.     In other words, there is no distinction between late payment and nonpayment of wages under the law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

89.     Any payment made by Trinity Health to Atkinson or the Similarly Situated Workers that Trinity Health may allege represents previously unpaid wages was not supervised by the Department of Labor or any court.

90.    The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

91.    Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Trinity Health's acts and omissions resulting in the unpaid wages in the first place.

92.    Atkinson and the Similarly Situated Workers remain uncompensated for the wages and other damages owed by Trinity Health under federal and Connecticut law.

## COLLECTIVE ACTION ALLEGATIONS

93.    Numerous individuals were victimized by Trinity Health's patterns, practices, and policies, which are in willful violation of the FLSA.

94.    Based on her experiences and tenure with Trinity Health, Atkinson is aware that Trinity Health's illegal practices were imposed on the FLSA Collective.

95.    The FLSA Collective members were not paid their full overtime premiums on time, if at all, for all overtime hours worked.

96.     These employees are victims of Trinity Health's respective unlawful compensation practices and are similarly situated to Atkinson in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.

97.     The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

98.     Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

99.     Trinity Health's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

100.    The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

101.    The illegal practices Trinity Health imposed on Atkinson were likewise imposed on the Connecticut Class members.

102.    Numerous other individuals who worked for Trinity Health were were not properly compensated for all hours worked, as required by Connecticut law.

103.   The Connecticut Class is so numerous that joinder of all members of the class is impracticable.

104.   Trinity Health imposed uniform practices and policies on Atkinson and the Connecticut Class members regardless of any individualized factors.

105.   Based on her experience and tenure with Trinity Health, as well as coverage of the Kronos hack, Atkinson is aware that Trinity Health's illegal practices were imposed on the Connecticut Class members.

106.   Connecticut Class members were all not paid their proper overtime on time, if at all,  when they worked in excess of 40 hours per week.

107.   Trinity Health's failure to pay wages and overtime compensation in accordance with Connecticut law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Connecticut Class members.

108.   Atkinson's experiences are therefore typical of the experiences of the Connecticut Class members.

109.   Atkinson has no interest contrary to, or in conflict with, the members of the Connecticut Class. Like each member of the proposed class, Atkinson has an interest in obtaining the unpaid wages and other damages owed under the law.

110.   A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

111.   Absent this action, many Connecticut Class members likely will not obtain redress of their injuries and Trinity Health will reap the unjust benefits of violating Connecticut law.

112.   Furthermore, even if some of the Connecticut Class members could afford individual litigation against Trinity Health, it would be unduly burdensome to the judicial system.

113.   Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

114.   The questions of law and fact common to each of the Connecticut Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.   Whether Atkinson and the Connecticut Class members were paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

    b.   Whether Trinity Health's failure to pay Atkinson and the Connecticut Class members their proper overtime rates violated the CMWA;

    c.   Whether Trinity Health paid Atkinson and the Connecticut Class members all wages due within the period of time allowed by the CMWA;

      d.    Whether Trinity Health's failure to timely pay wages to Atkinson and the Connecticut Class members violated the CMWA.

115.  Atkinson's claims are typical of the Connecticut Class members. Atkinson and the Connecticut Class members have all sustained damages arising out of Trinity Health's illegal and uniform employment policies.

116.  Atkinson knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

117.  Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### FIRST CAUSE OF ACTION—OVERTIME VIOLATIONS OF THE FLSA AS TO ATKINSON AND THE FLSA COLLECTIVE

118.  Atkinson incorporates all allegations set forth in paragraphs 1 to 117.

119.  By failing to pay Atkinson and the FLSA Collective members overtime at 1.5 times their regular rates when the payments were due, Trinity Health violated the FLSA. 29 U.S.C. § 207(a).

120.  Trinity Health owes Atkinson and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

121.   Likewise, Trinity Health owes Atkinson and the FLSA Collective members their agreed-upon rates of pay for all hours worked up to and including 40 each week in which they worked over 40 hours in the week, but were not paid in full for all hours.

122.   Trinity Health knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

123.   Because Trinity Health knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Trinity Health owes these wages for at least the past three years.

124.   Trinity Health's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

125.   Because Trinity Health's decision not to pay overtime was not made in good faith, Trinity Health also owes Atkinson and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

126.   Accordingly, Atkinson and the FLSA Collective members are entitled to their full overtime wages under the FLSA in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## SECOND CAUSE OF ACTION— VIOLATIONS OF THE CMWA AS TO ATKINSON AND THE CONNECTICUT CLASS

127.   Atkinson incorporates all allegations set forth in paragraphs 1 to 117.

128.   The conduct alleged in this Complaint violates the CMWA. Conn. Gen. Stat. § 31-58 *et seq*.

129.   At all relevant times, Trinity Health has been an "employer" within the meaning of the CMWA. Conn. Gen. Stat. § 31-58(d).

130.   At all relevant times, Trinity Health employed Atkinson and the Connecticut Class members as "employees" within the meaning of the CMWA. Conn. Gen. Stat. § 31-58(e).

131.   The MWOWA requires an employer like Trinity Health to pay overtime to all non-exempt employees. Conn. Gen. Stat. § 31-76b.

132.   Atkinson and the other Connecticut Class members are non-exempt employees who are entitled to be paid overtime for all hours worked over 40 in a workweek at a rate of no less than 1.5x their regular rate. Conn. Gen. Stat. § 31-76c

133.   Within the applicable limitations period, Trinity Health had a policy and practice of failing to pay proper overtime to Atkinson and the Connecticut Class members for their hours worked in excess of 40 hours per week.

134.   As a result of Trinity Health's failure to pay proper overtime to Atkinson and the Connecticut Class members for work performed in excess of 40 hours in a workweek at the time the payments were due, Trinity Health violated the CMWA.

135.   Trinity Health's failure to pay overtime compensation to Atkinson and the Connecticut Class members was neither reasonable, nor was the decision not to pay overtime made in good faith.

136.   Because Trinity Health's decision not to pay overtime was not made in good faith, Trinity Health also owes Atkinson and the Connecticut Class members an amount equal to the unpaid overtime wages as liquidated damages.

137.   Atkinson and the Connecticut Class members are entitled to recover their unpaid wages, liquidated damages in an amount equal to unpaid wages, attorneys' fees, costs, and all other legal and equitable relief provided under the CMWA. Conn. Gen. Stat. §§ 31-68, -72.

## RELIEF SOUGHT

Atkinson prays for judgment against Trinity Health as follows:

a.   For an order certifying a collective action for the FLSA claims;

b.   For an order certifying a class action for the Connecticut law claims;

c.      For an order finding Trinity Health liable for violations of federal wage laws with respect to Atkinson and all FLSA Collective members covered by this case;

d.      For an order finding Trinity Health liable for violations of Connecticut wage laws with respect to Atkinson and all Connecticut Class members covered by this case;

e.      For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Atkinson and all FLSA Collective members covered by this case;

f.      For a judgment awarding all unpaid wages, liquidated damages, and penalties under Connecticut wage laws to Atkinson and all Connecticut Class members covered by this case;

g.      For an equitable accounting and restitution of wages due to Atkinson and all FLSA Collective and Connecticut Class members members covered by this case;

h.      For a judgment awarding attorneys' fees to Atkinson and all FLSA Collective and Connecticut Class members covered by this case;

i.      For a judgment awarding costs of this action to Atkinson and all FLSA Collective and Connecticut Class members covered by this case;

j.      For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Atkinson and all FLSA Collective and Connecticut Class members covered by this case; and

k.      For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
TX Bar # 24069719
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone        713 999 5228
matt@parmet.law

**Michael N. Hanna**
MI Bar # P81462
**MORGAN & MORGAN, P.A.**
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 251-1399
mhanna@forthepeople.com

**Attorneys for Plaintiff**

## JURY DEMAND

Plaintiff Kerresha Atkinson demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*

_____

**Matthew S. Parmet**